The **NARRAGANSETT ELECTRIC COMPANY**, Plaintiff–Appellee–Cross–Appellant,

v.

**CENTURY INDEMNITY COMPANY**, Defendant–Appellant–Cross–

exception not relevant here. 34 C.F.R.

Appellee.*

Nos. 15–1137–cv(L), 15–1397–cv(XAP)

United States Court of Appeals,
Second Circuit.

June 23, 2016

For Plaintiff–Appellee–Cross–Appellant:
JAY T. SMITH, Covington & Burling LLP,
Washington, DC.

For Defendant–Appellant–Cross–Appellee: JONATHAN D. HACKER (Bradley N. Garcia, on the brief), O'Melveny & Myers
LLP, Washington, DC; David Chaffin,
Thomas M. Going, White and Williams
LLP, Boston, MA and Philadelphia, PA.

PRESENT: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR., SUSAN L.
CARNEY, Circuit Judges.

## SUMMARY ORDER

Century Indemnity Company ("Century"), an insurer, appeals from a March 31,
2015 judgment of the District Court (Schofield, J.) holding that Century had a duty
to defend its insured, The Narragansett
Electric Company ("the NEC"), in an environmental lawsuit brought by the Commonwealth of Massachusetts. The NEC
cross-appeals the District Court's calculation of damages. We assume the parties'
familiarity with the facts and record of the
prior proceedings, to which we refer only

as necessary to explain our decision to
reverse.

In 1987 the Commonwealth sued the
NEC's predecessor (to which we also refer
as "the NEC") to recover cleanup costs the
Commonwealth had incurred while addressing environmental damage caused by
the NEC's disposal of waste materials at
the Mendon Road site over a period of
about fifty years. Century refused the
NEC's request that it defend the NEC in
the litigation under a commercial general
liability insurance policy ("the policy"). The
NEC thereafter defended itself in the action before settling the claims in 2006. In
November 2011 the NEC sued Century
primarily under Massachusetts law for reimbursement of its defense costs.

To determine whether Century had a
duty to defend the NEC under Massachusetts law, we consider whether "the summary judgment record alleges a liability
arising on the face of the complaint and
policy." Liberty Mut. Ins. Co. v. SCA
Servs., Inc., 412 Mass. 330, 588 N.E.2d
1346, 1351 (1992) (quotation marks omitted). The NEC recognizes that damage
arising from its contractually arranged disposal of waste at the Mendon Road site is
not covered by the policy. NEC's Br. 15,
21–23. Relying primarily on the Massachusetts Supreme Judicial Court's holding in
Nashua Corp. v. First State Insurance Co.,
420 Mass. 196, 648 N.E.2d 1272, 1275–76
(1995), the NEC nonetheless argues that
the Commonwealth's complaint adequately
describes a "sudden and accidental" release of pollutants that might be covered
by the policy. In particular, it points to the
complaint's allegation that in 1984 "Maurice C. Brunelle uncovered blue sludge
that was contaminated with chemical sub

§ 685.208(f)(2) (1999).
* The Clerk of Court is directed to amend the

case caption as set forth above.

stances [from NEC's waste].... [and thereby] caused hazardous chemicals to be released to the environment." Joint App'x 86. We disagree.

This case is distinguishable from Nash-ua, where the potential "sudden and accidental" releases involved a tank seal that burst at one site, releasing 2,000 gallons of a pollutant, and a fire and subsequent explosion at another site that released pollutants. See 648 N.E.2d at 1276. The Commonwealth's complaint, by contrast, "cannot reasonably be read" to describe a "sudden and accidental" release of pollutants separate from the NEC's intentional release of pollutants into the environment over the course of decades. See Liberty Mut. Ins. Co., 588 N.E.2d at 1350. Reading the complaint as a whole, any property damage alleged in this case plainly arose out of the NEC's intentional disposal of wastes on the Mendon Road site. Because the release of pollutants into the environment was not "sudden and accidental," the Commonwealth's complaint does not trigger Century's duty to defend.

In light of our conclusion that Century had no duty to defend the NEC in this case, we do not address the additional arguments made by the parties. The judgment of the District Court is REVERSED.